IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

KEITH & COURTNEY NAHIGIAN,       )
                                 )
     Plaintiffs,                 )
                                 )
        v.                       )
                                 )
JUNO-LOUDUON, LLC                )
                                 )    1:09cv725 (JCC)
and                              )
                                 )
THE RITZ-CARLTON HOTEL           )
COMPANY, LLC,                    )
                                 )
     Defendants.                 )

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiffs' Motion to Remand and Motions to Dismiss by both Defendants Juno Loudoun, LLC and The Ritz-Carlton Hotel Company, LLC. For the following reasons, the Court will deny Plaintiffs' Motion to Remand, deny without prejudice Defendant Juno Loudoun, LLC's Motion to Dismiss, and deny without prejudice Defendant the Ritz-Carlton Hotel Company, LLC's Motion to Dismiss without prejudice.

### **I. Background**

On June 1, 2007, Keith and Courtney Nahigian (Plaintiffs) entered into a Purchase Agreement[1] (Agreement) with

---

[1] Plaintiffs attached a copy of the Agreement to the their complaint as Exhibit A.

1

Juno Loudoun, LLC (Juno). Plaintiffs agreed to buy and Juno agreed to sell the unimproved parcel at 22616 James Monroe Highway, Aldie, Virginia 20105, in Loudoun County, Virginia (Property). The Agreement was the culmination of Plaintiffs' search for a single-family home that "was unique in value" and "would provide first-class recreational amenities." Compl. ¶¶ 5-6. Pursuant to the Agreement, Plaintiff's closed on the Property on July 1, 2007. Compl. ¶ 24.

In the spring of 2007, Plaintiffs visited a community called "Creighton Farms" (Community) located in Loudoun County, Virginia. Compl. ¶ 10. Juno marketed the Community as a private "Ritz-Carlton community" that provided its residents with the following amenities: the opportunity to join a private Jack Nicklaus-designed Ritz-Carlton golf club adjacent to the Community (Golf Club), a "Ritz Kids" day care facility for children, restaurants, management, and social events that met Ritz-Carlton standards, and "reciprocal privileges" at other Ritz-Carlton resorts around the world. Compl. ¶¶ 10-11.

Before entering the Agreement, Plaintiffs visited the Community upwards of twenty times and also visited another Ritz-Carlton community located in Jupiter, Florida twice. Compl. ¶¶ 16, 23. During these visits, Juno also provided Plaintiffs with multiple items bearing the Community's name and The Ritz-Carlton Hotel Company, LLC's (RC) logo. It also gave Plaintiffs

2

promotional materials prominently displaying and discussing RC's management relationship with the Community. Compl. ¶ 12-13. Further, "[i]n response to a specific question from the Nahigians," Juno assured them that RC "'was under contract for thirty years to manage the Community and would be able to renew the contract after that time.'" Compl. ¶ 14. Finally, Juno's agent informed Plaintiffs that "The Ritz-Carlton Club & Spa" in Jupiter, Florida was an example of "The Ritz-Carlton Life" and that Juno had the same partnership with RC that the Jupiter property has with RC. Compl. ¶ 15. Juno's representations regarding RC's role in the Community continued after the Agreement was signed until Plaintiffs received an e-mail from the Community's office manager informing them that RC would no longer be affiliated with the Golf Club on March 11, 2009. Compl. ¶ 25-28; *see also* Compl. Ex. B (Mar. 11, 2009 letter from Community).

Plaintiffs believe that, contrary to Juno's representations, there is not and never has been a relationship between Juno and RC for property management, concierge or spa services, reciprocal privileges, or for anything more than temporary management of the Golf Club. Compl. ¶ 30. Plaintiffs also believe that RC was aware of Juno's false statements about the Community to potential purchasers. They also believe that RC gave Juno either explicit or implied authority to make those statements. Compl. ¶ 20-21.

Plaintiffs originally filed this action, stating claims under Virginia law and seeking $2.5 million dollars in damages, in the Circuit Court of Loudoun County, Virginia (Circuit Court). The complaint named Juno and RC as defendants (Defendants). Plaintiff served both Defendants on June 2, 2009.

Plaintiffs were, at the time of the commencement of this action in the Circuit Court, and remain residents of Alexandria, Virginia. RC is a Delaware limited liability company with a principal place of business in Maryland; all of its five members are Delaware limited liability companies with principal places of business in Maryland. Juno is a Delaware limited liability company; its two members are individuals who are citizens of Massachusetts and Florida, respectively.

On July 1, 2009, RC filed a notice of removal of this action under 28 U.S.C. §§ 1441(b) and 1332 from the Circuit Court to this Court. Juno consented to this motion the same day. On July 10, 2009, Plaintiffs moved to remand this action to the Circuit Court. RC opposed the motion on July 24, 2009. In addition, both Juno and RC filed Motions to Dismiss the claims against them on July 2, 2009. Plaintiffs opposed Defendants' motions on July 13, 2009. Defendants filed their respective replies on July 20, 2009. The Court held a hearing on these motions on July 31, 2009. During that hearing, it denied Plaintiffs' Motion to Remand. On August 27, 2009, Plaintiffs

requested leave to file an amended complaint (Amended Complaint). This request was granted on September 14, 2009.  These three motions are currently before the Court.

## II. Standard of Review

A.  Motion to Remand

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Defendants may attack a court's subject matter jurisdiction in one of two ways.  First, they may contend that the complaint fails to allege facts upon which subject matter jurisdiction can be based.  *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780-81 (E.D. Va. 2002).  In such instances, all facts alleged in the complaint are presumed to be true.  *Adams*, 697 F.2d at 1219; *Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995).

Alternatively, defendants may argue that the jurisdictional facts alleged in the complaint are untrue.  *Adams*, 697 F.2d at 1219; *King*, 211 F. Supp. 2d at 781.  In that situation, "the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'"  *Virginia v. United States*, 926 F. Supp. at 540 (*quoting Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)); *see also Adams*, 697 F.2d at 1219; *Ocean

5

*Breeze Festival Park, Inc. v. Reich*, 853 F. Supp. 906, 911 (E.D. Va. 1994). In either case, the burden of proving subject matter jurisdiction falls on the plaintiff. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams*, 697 F.2d at 1219.

    B. Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). A motion to dismiss must be assessed in light of Rule 8(a)(2), which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted). The pleader must "state a claim to relief that is plausible on its face." *Id.* at 570. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. \_\_, 129 S.Ct. 1937, 1949 (2009) (*quoting Twombly*, 550 U.S. at 556). In assessing a motion to dismiss, the reviewing court takes "the material allegations of the complaint . . . as admitted."

*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). The assumption of truth, however, does not apply to mere recitals of the elements of a cause of action or to conclusory statements. *Iqbal*, 129 S.Ct. at 1949-50.

### III. Analysis

Plaintiffs' complaint states three causes of action: Count I, for fraud, against Juno, Count 2, for violations of the Virginia Consumer Protection Act (VCPA), against Juno, and Count III, for Apparent Authority, against RC.

A.  <u>Plaintiff's Motion to Remand</u>

Plaintiffs ask the Court to remand this case to the Virginia Circuit Court. As this case presents no federal question, diversity of citizenship provides the only basis for jurisdiction in this Court. *See* 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity of the parties and an amount in controversy that exceeds $75,000. *Id.* Plaintiffs prayed for over $2.5 million in damages in the Complaint, satisfying the amount in controversy requirement. The question before the Court, then is whether there is complete diversity between the parties.[2]

---

[2] 28 U.S.C. § 1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . ." It also requires that the party seeking removal to do so within "1 year after commencement of the action" where federal subject-matter jurisdiction is based on diversity. *Id.* RC has satisfied both these requirements and filed a timely Notice of Removal.

7

It is undisputed that Plaintiffs are citizens of Virginia and that RC is not. The parties also agree that Juno is a Delaware limited liability company with one member, Southworth Virginia, LLC (Southworth), another Delaware limited liability company. Juno's Opp'n to Remand 9. Southworth has two members, individuals David Southworth and Joseph Deitch, citizens of Florida and Massachusetts, respectively. Juno's Opp'n to Remand 9.

1. *Principal Place of Business*

Plaintiffs assert, however, that Juno's citizenship for diversity purposes turns on its principal place of business. It appears that they rely on § 1332(c), which provides that a corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c); *see Mullins v. Beatrice Pocahontas Co.*, 489 F.2d 260, 261 (4th Cir. 1974) (per curiam). Plaintiffs assert that Juno's principal place of business is in Virginia, RC asserts that it is in Massachusetts, and notes that the Virginia State Corporation Commission shows it to be Florida. Pls.' Mot. to Remand 1.

The law is clear, however, that "[a] limited liability company organized under the laws of a state is not a corporation" and therefore, its citizenship, for diversity purposes, is identical to that of all of its members. *Gen. Tech.*

8

*Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004). Juno is therefore a citizen of Florida and Massachusetts, for diversity purposes. As such, the Court finds that complete diversity of the parties exist and that it has subject matter jurisdiction over this case under 28 U.S.C. § 1332(a).

        2.    *Venue Selection Clause in the Agreement*

Plaintiffs next argue that the venue selection clause in the Agreement identifies the Circuit Court as the sole appropriate venue for disputes arising between the parties to the Agreement. Pls.' Mot. to Remand 4. It then submits that the venue selection clause governs this suit, even though Plaintiffs named RC, a non-party to the Agreement, as a defendant. Pls.' Mot. to Remand 4. Defendants disagree, submitting that the clause either (1) does not apply because Plaintiffs included RC, a non-party to the Agreement, in this suit, or (2) the venue selection clause does not clearly denote that only the *state* court for Loudoun County, not also the federal court, is an appropriate forum. Juno's Opp'n to Remand 4; RC's Opp'n to Remand 4-5.

The Agreement provides that: "In connection with any litigation between Buyer and Seller arising out of this Agreement . . . [t]he sole venue for any litigation shall be Loudoun County, Virginia." Agm't ¶ 16. To properly determine the meaning of this clause, the Court must first determine whether

9

its "restriction is one of sovereignty or of geography." *Ferri Contracting Co. v. Town of Masontown*, No. 03-1303, 2003 WL 22244905, at *1 (4th Cir. Sept. 29, 2003) (per curiam);[3] *see also Silo Point II LLC v. Suffolk Constr. Co.*, 578 F. Supp. 2d 807, 810 (D. Md. 2008) (*citing Ferri Contracting*); *Mid Atlantic Paper, LLC v. Scott County Tobacco Warehouses*, No. 1:03cv00126, 2004 WL 326710, at *1 n. 3 (W.D. Va. Feb. 23, 2004) (same).

A forum-selection clause that imposes a geographic restriction still permits litigation in the federal or state courts within that geographic area. *Ferri Contracting*, 2003 WL 22244905 at *1 (citing cases). A forum-selection clause that identifies a specific sovereign "is more restrictive and requires that actions be filed in the courts of th[at] sovereign." *Id.* (citing cases). In *Ferri Contracting*, the Fourth Circuit concluded that a forum-selection clause requiring lawsuits to be brought "'within the state' of West Virginia" was not ambiguous and was "plainly geographic." *Id.* at *2.

The Court finds that the forum-selection clause in this case is not ambiguous and is "plainly geographic," as it contains only a reference to a location, with no reference to a specific court, court system, or sovereign. "[L]itigation is [thus]

---

[3] As RC noted in its brief, unpublished opinions are not precedent in this Circuit. *Ferri Contracting*, however, has been cited by two other district courts within this Circuit and there is no published opinion that would serve as well. *See* Fed. R. App. P. 32.1, Fourth Circuit Rule 32.1.

10

permitted in either a federal or state court within the specified geographic boundary" of Loudoun County, Virginia. *Ferri Contracting Co.*, 2003 WL 22244905, at *1 (citations omitted).

The Court must next address whether "a . . . court within the specified geographic boundary" includes (1) only courts physically located within that boundary, or (2) all courts having jurisdiction over that area. Neither *Ferri Contracting*, nor any of the cases it cites with approval, address a situation in which a forum selection clause refers to a specific town or county, rather than an entire state. This is therefore an issue of first impression in this Circuit.

Outside the Fourth Circuit, a split of authority exists on the following issue: whether a forum selection clause that sets jurisdiction in a particular county – but not a particular court system – gives jurisdiction to the federal district court that encompasses but is not located in the county. The Third, Seventh, Eighth, Ninth, Eleventh Circuits have held that it does not. *See Xgel Tech., LLC v. C.I. Kasei Co.*, No. 4:09CV540 RWS, 2009 WL 1576837, at *2 (E.D. Mo. Jun. 3, 2009) (construing forum-selection clause requiring venue "in Phelps County, Missouri" as a "geographical limitation" and not "waiv[ing] defendants' right to remove the case to this Court," which encompasses, but is not located in, Phelps County); *Priority Healthcare Corp. v. Chaudhuri*, No. 6:08cv425, 2008 WL 2477623, at

*2 (M.D. Fla. June 18, 2008) (rejecting argument that forum-selection clause designating venue in Seminole County precluded removal "because no federal court sits in Seminole County"); *Epps v. 1.I.L.*, No. 07-02314, 2007 WL 4463588, at *3 (E.D. Pa. Dec. 19, 2007) (construing a forum-selection "provision's plain language . . . permit[s] the action in any court of the county, including the federal court in the federal judicial district encompassing [the county], regardless of whether the federal court is physically located in the county"); *Oldlaw Corp. v. Allen*, No. 07-1070, 2007 WL 2772697, at *6 (C.D. Ill. Sept. 24, 2007) (construing forum-clause specifying venue in Scottsdale, Arizona to include federal district court encompassing Scottsdale, even though no federal courthouse existed in Scottsdale); *Merrell v. Renier*, No. C06-404JLR, 2006 WL 1587414, at *2 (W.D. Wash. Jun. 6, 2006). The Second Circuit, by contrast, finds that a clause setting jurisdiction in a particular county, but not in a specific court system, does exclude jurisdiction in the federal district court that encompasses the county, but has no courthouse within it. *Yakin v. Tyler Hill Corp.*, 566 F.3d 72 (2d Cir. 2009) (finding that a forum-selection clause designating venue "in Nassau County, New York" precluded removal to the Eastern District of New York because no federal courthouse exists within Nassau County).

The Court finds the majority opinion both persuasive and the approach most likely to be applied in this Circuit. This decision holds to the distinction clearly set forth in *Ferri Contracting*: if a venue provision does not contain a reference to sovereignty, then a geographic restriction permits litigation in either the state or federal courts for that geographic region. 2003 WL 22244905 at *1. The Agreement identifies only a geographical limitation, not a sovereign. The Court finds that, even if the Agreement's forum selection clause applies to suits that include parties, like RC, that did not join the Agreement, it still does not preclude removal to this Court - the federal court venue encompassing Loudoun County, Virginia. The Court will deny Plaintiffs' motion to remand to the Circuit Court.

B.  <u>Juno's Motion to Dismiss Counts I and II</u>

As noted above, Plaintiffs's Complaint stated Count I (fraud) and Count II (violations of the VCPA) against Juno. Juno moved to dismiss both of these claims. While Juno's Motion to Dismiss was pending before the Court, however, Plaintiffs filed the Amended Complaint. The Court will therefore deny Juno's motion, without prejudice.

C.  <u>RC's Motion to Dismiss Count III</u>

The Complaint stated one claim against RC, for "apparent authority." Specifically, it alleges that RC is responsible for Juno's false statements because it "knew, or had

reason to know, that such statements were being made on its behalf, that such statements were false, and that such statements were relied upon by purchasers such as the Nahigians to their detriment." Compl. ¶ 43; *see also* Compl. ¶¶ 20-21. RC moved to dismiss this claim. While RC's motion was before the Court, however, Plaintiffs filed an Amended Complaint. The Court will therefore deny RC's motion, without prejudice, as well.

### III. Conclusion

For these reasons, the Court will deny Plaintiff's Motion to Remand, deny without prejudice Defendant Juno-Loudoun, LLC's Motion to Dismiss, and deny without prejudice Defendant The Ritz-Carlton Hotel Company, LLC's Motion to Dismiss.

An appropriate Order will issue.

September 28, 2009  /s/
Alexandria, Virginia James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE