IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

KEITH NAHIGIAN, *et al.*, )
)
    Plaintiffs, )
)
        v. ) 1:09cv725 (JCC)
)
JUNO-LOUDOUN, LLC, *et al.*, )
)
    Defendants. )

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on the "Motion by Defendant Juno-Loudoun, LLC for the Court to Clarify and Amend its August 23, 2010, Order, or in the Alternative, to Extend the Time to File a Notice of Appeal" (the "Defendant's Motion"). [Dkt. 171.] For the following reasons, the Court will deny in part and grant in part Defendant's Motion.

### **I.   Background**

In its August 23, 2010, Order (the "August 23 Order"), this Court granted summary judgment in favor Plaintiffs Keith and Courtney Nahigian ("Plaintiffs"), awarding Plaintiffs the remedy of rescission of the 2007 purchase agreement (the "Purchase Agreement") for the land-sale transaction that was the basis of their lawsuit. [Dkt. 166.] Paragraphs (7) through (9) of the August 23 Order directs the parties to brief the issue of the "appropriate amount due to both parties upon rescission of

the Purchase Agreement and requisite closing documents, the appropriate amount (if any) of pre-judgment interest and all associated fees and/or costs, and any other matter relevant to the effective execution of rescission."  The Order enters judgment in favor of the Plaintiffs and states by its terms that it is final.

On September 3, 2010, Defendant filed a motion with this Court asking the Court to either (i) clarify that the August 23 Order is a "not yet final appealable order" and to certify the issue for interlocutory appeal or, in the alternative, (ii) extend the time in which Defendant may file a notice of appeal, pursuant to Federal Rule of Appellate Procedure 4(a)(5).

## II.  Analysis

### A.  Clarifying the Order and Certifying Interlocutory Appeal

Defendant first asks the Court to amend the August 23 Order to state both that it is not yet final and to add language certifying an interlocutory appeal.

As to the finality argument, Defendant argues that the "Order leaves open relief."  [Dkt. 171 at 3.]  The Order, however, does not "leave open relief."  The relief is rescission of the Purchase Agreement.  The open issue involves the *amount* of relief, literally the amount of money that will change hands

when rescission is effected, and not *whether* relief will be granted.

As to the interlocutory appeal certification, Defendant argues that the August 23 Order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the August 23 Order would materially advance the ultimate termination of the litigation. [Dkt. 171 at 4.] First, as to the substantial ground for difference of opinion, the law in this Court is clear on the issue of rescission in cases like Plaintiffs'. *See Plant v. Case Merrifield Town Center Ltd. P'ship*, No. 1:08cv374, 2009 WL 2225415, at *3 (E.D. Va. July 21, 2009); *Plant v. Merrifield Town Center, Ltd. P'ship.*, No. 1:08cv374, 2010 WL 1039875, at *12 (E.D. Va. March 18, 2010). Second, as to materially advancing the ultimate termination of the litigation, for purposes of determining *whether* to grant relief and the *nature* of such relief, the litigation is terminated. Thus, an interlocutory appeal would not advance the ultimate determination of whether the Purchase Agreement will be rescinded.

For these reasons, the Court will deny Defendant's Motion to amend the August 23 Order to state both that it is not yet final and to add language certifying an interlocutory appeal.

B.  Extending the Time in Which to File a Notice of Appeal

Defendant asks the Court, in the alternative, to extend the time in which Defendant may file a notice of appeal, pursuant to Federal Rule of Appellate Procedure 4(a)(5). Federal Rule of Appellate Procedure 4(a)(5) permits the Court, at its discretion, to extend the time in which a party may file a notice of appeal if the party so moves within 30 days after the order appealed from is entered.[1] If granted, such an extension cannot exceed 30 days after the time initially prescribed by Rule 4(a) or 14 days from the order granting the extension, whichever is later. Fed. R. App. P. 4(a)(5).

Defendant's request for an extension of time in which to file notice of appeal has merit. This Court will hear arguments on the appropriate amount due to both parties upon rescission of the Purchase Agreement on September 24, two days beyond the 30-day time period prescribed by Rule 4(a)(1)(A). To prevent the Defendant from having to file its notice of appeal in advance of the September 24 hearing resolving the terms of rescission, thereby possibly disrupting this Court's briefing and hearing schedule, one for which both parties have submitted papers, this Court will grant Defendant's Motion to extend the time in which Defendant may file a notice of appeal, pursuant to Federal Rule of Appellate Procedure 4(a)(5).

---

[1] Defendant filed its motion on September 3, within the 30-day window set forth in Rule 4(a)(5).

### III. Conclusion

For these reasons, the Court will deny Defendant's Motion in part and grant Defendant's Motion in part.

September 10, 2010  
Alexandria, Virginia

/s/  
James C. Cacheris  
UNITED STATES DISTRICT COURT JUDGE